**FILED**

**February 23, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 7:15 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **MARGIE E. (BETH) PEEK,** | ) | **Docket No.: 2016-05-0929** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 74134-2016** |
| | ) | |
| **CARL BARBER and DAVID** | ) | **Judge Robert Durham** |
| **BARBER, d/b/a SPEEDY B'S,** | ) | |
| **Employer.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This cause came before the undersigned Workers' Compensation Judge on February 15, 2017, upon the Request for Expedited Hearing (REH) filed by the employer, Speedy B's.[1] The issue in dispute is whether Ms. Peek sustained a work-related injury entitling her to temporary disability benefits. The Court holds that while Ms. Peek is likely to prevail at trial in establishing she suffered a work-related injury to her right ankle on September 13, 2016, she is unlikely to prevail with regard to her entitlement to temporary disability benefits.

### History of Claim

Ms. Peek testified that on Wednesday, September 13, 2015, while working as a waitress at diner/convenience store Speedy B's, the side of her right foot slipped into a floor drain located at the end of the salad bar, about two feet from a sink on the wall opposite the bar. Ms. Peek asserted that her ankle "rolled" when she did so, causing immediate pain and tenderness. After going outside to smoke, she returned and told her employers, Carl and David Barber, about the incident. David Barber called his wife,

---

[1] Carl Barber and David Barber, as partners in Speedy B's, represented themselves at the hearing. Speedy B's did not have workers' compensation insurance at the time of Ms. Peek's injury. Upon investigation by the Bureau, Speedy B's admitted it had five employees during its first month of operation, although that number is now fewer than five. (Ex. 1.) Nevertheless, Speedy B's provided no evidence that it ever filed a Notice of Intent to Withdraw from Workers' Compensation with the Bureau as required by statute. Thus, for purposes of this claim, Speedy B's is subject to workers' compensation law.

1

Vickie, to come over and examine Ms. Peek's ankle. Ms. Peek testified that Ms. Barber grabbed her ankle "roughly" and therefore, she would not allow her to continue any examination. She then left work and went home.

Ms. Peek stated that, by the time she got home, her foot and ankle were swollen and she could put little, if any, weight on them. Her grandmother, Margie McCune, corroborated this testimony, stating that even Ms. Peek's toes swelled and she could not put any significant weight on her ankle until Friday. Even then, she could only walk with a limp. Ms. Peek's husband, Eddie Peek, also affirmed this testimony and stated Ms. Peek did not seek medical treatment for her ankle because they did not have health insurance.

Ms. Peek testified she called David Barber on Thursday and asked if she could come to work on Friday, but he told her they would not need her. She and Mr. Peek went to the store the on Friday to pick up her check, and the Barbers asked her why she had not been to the doctor if her ankle were sprained. They told her there was no way to know if she actually sprained her ankle unless she had seen a physician. Ms. Peek asserted the Barbers told her she was not on the work schedule, which she took to mean they had terminated her. She looked for another job, eventually finding one at Bates Casket factory, but only worked there for a week and a half because of her ankle pain. However, Ms. Peek is currently employed and feels her ankle issues have resolved. She never sought medical attention for her injury.

At the hearing, David and Carl Barber provided various video clips of Ms. Peek during the days in question. In the first clip, Ms. Peek is walking along the counter containing the "hot bar" at the time of her asserted injury on Wednesday. Carl Barber testified they did not have actual footage showing the drain since it was just out of the camera's range. However, he pointed out that when Ms. Peek does appear in the video, she is walking on the side of the aisle farthest from the drain. Furthermore, Ms. Peek appears to be walking normally, or at most, with a slight limp. They testified Ms. Peek asked if she could go outside and smoke. They gave her permission, and Ms. Peek was outside for seven minutes. When she returned, she walked with a pronounced limp and informed them she had sprained her ankle when she stepped on the drain.

The brothers further testified that Vickie Barber came over to examine Ms. Peek's ankle, and none of them noted any bruising or swelling in the ankle or foot. Ms. Barber offered to wrap the ankle, but Ms. Peek stated she was going home. On Thursday, Ms. Peek called about coming in to work on Friday, but David Barber told her she did not need to work the rest of the week. The Barbers offered additional video clips of Ms. Peek when she came to the store on Friday to get her check. The first clip shows her getting out of her car on her own accord but with a significant limp. When she enters the store, her husband is supporting her with her arm around his neck, and she immediately goes to the counter where she leans for support during her conversation with the Barbers.

2

When she returns to her car, her husband is again supporting her.

Carl Barber disputed Ms. Peek's assertion that he told her she was not on the schedule when they talked on Friday. He stated they were in the process of redoing the schedule and she needed to come in on Monday so they could discuss it. Carl and David Barber both testified that Ms. Peek did not contact them on Monday, and so they believed she had quit.

**Findings of Fact and Conclusions of Law**

As in all workers' compensation actions, Ms. Peek, as the claimant, has the burden of proof on the essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, she only has the burden to come forward with sufficient evidence from which the trial court can determine she is likely to prevail at a hearing on the merits in order to meet her burden. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

In order to establish causation, an employee must prove "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2016). The term "reasonable degree of medical certainty" means that, "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D) (2016). Thus, causation must be established by expert medical testimony, and it must be more than "speculation or possibility" on the part of the doctor. *Id.*

Ms. Peek is only seeking payment of temporary disability benefits at this time. In order to receive temporary total disability benefits, Ms. Green must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Const. Co., Inc., et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Tennessee Code Annotated section 50-6-205(a) (2016) further provides that "[n]o compensation shall be allowed for the first seven (7) days of disability resulting from the injury, excluding the day of injury[.]"

In this instance, the Court finds Ms. Peek failed to produce any expert medical evidence linking her ankle pain to her employment with Speedy B's. As a result, she has provided insufficient evidence to establish she is likely to prevail on the issue of compensability.

Even if she were to establish causation, the evidence presented only established that Ms. Peek's injury rendered her disabled from working for two days at most, given

3

that she represented she was willing and able to return to work two days after the alleged injury. Ms. Peek's primary complaint appears to be her assertion that Speedy B's dismissed her because of her work-related injury. While this assertion, if true, would certainly be a violation of the law, this Court only has jurisdiction to consider whether Ms. Peek is entitled to the workers' compensation benefits she requested. The Court holds that she is not. Therefore, the Court denies her request for temporary disability benefits at this time.

Nevertheless, the Court notes that an employee does not have to prove compensability in order to establish the employer is obligated to provide a panel of physicians from which she may choose an authorized physician. *Lewis v. Molly Maid*, 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *9 (Apr. 20, 2016). In addition, the administrative rules governing an employer's obligation to provide a panel state, "[u]pon notice of any workplace injury, other than a minor injury for which no person could reasonably believe requires treatment from a physician, the employer shall immediately provide the injured employee a panel of physicians that meets the statutory requirements for treatment of the injury." Tenn. Comp. R. & Regs. 0800-02-01-.25(1) (2015). An employer who fails to comply with this rule without good cause could be assessed a civil penalty of up to $5,000. *Id.*

In this instance, Ms. Peek did not seek any medical care on her own due to lack of insurance. She now feels her ankle is fully healed and medical attention is not necessary. Nevertheless, the Court finds she provided sufficient evidence that she suffered a work-related injury to her right ankle on September 13, and that, upon receipt of notice, Speedy B's was required to provide her with a panel of physicians in accordance with the law. As a result, the Court recommends that the Bureau undertake an investigation to determine if a penalty against Speedy B's is appropriate .

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Peek's request for temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing/Status Conference on April 10, 2017, at 3:30 p.m. C.T.

3. The Court recommends the Bureau conduct an investigation to determine if a penalty is appropriate in this matter.

**ENTERED THIS THE 23rd DAY OF FEBRUARY 2017.**

Robert V. Durham, Judge
**Court of Workers' Compensation Claims**

4

**Scheduling Hearing/Status Conference:**

A Scheduling Hearing/Status Conference has been set with Judge Robert Durham, Court of Workers' Compensation Claims. You must call 615-253-0010 or toll-free at 866-689-9049 to participate in the Hearing.

Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

## APPENDIX

Exhibits:

1. Request for Investigation Report
2. Affidavit of Vickie Barber
3. Affidavit of Carl Barber
4. Affidavit of David Barber

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Request for Investigation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Benefits was sent to the following recipients by the following methods of service on this the 23rd day of February, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Margie (Beth) Peek | X | | X | 1045 Carlton Road, Box 607 Lobelville, TN 37097 Megarza2011@gmail.com |
| Carl and David Barber | X | | X | 313 North Main Street, Lobelville, TN 37097 Barber726113@bellsouth.net |
| Compliance Unit | | | x | WCCompliance.Program@tn.gov |

Penny Shrum, Clerk of Court

6